

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-20-2004

# USA v. Wiggins

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-3527

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"USA v. Wiggins" (2004). *2004 Decisions.* Paper 800.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/800

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———

No. 03-3527

———

UNITED STATES OF AMERICA

v.

JAMIE WIGGINS,

Appellant.

———

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(Dist. Court No. 03-cr-00106)
District Judge: Honorable James F. McClure, Jr.

———

Submitted under Third Circuit LAR 34.1(a)
April 2, 2004

Before: ALITO, FISHER and ALDISERT, Circuit Judges.

(Filed April 20, 2004)

———

OPINION OF THE COURT

———

ALDISERT, Circuit Judge.

Because we write only for the parties who are familiar with the facts, the

procedural history and the contentions presented, we will not recite them except as

necessary to the discussion. Jamie Wiggins pleaded guilty of possession, as an inmate at

the United States Penitentiary, Lewisburg, Pennsylvania, of contraband, a small quantity of heroin, in violation of 18 U.S.C. § 1791(a)(2).

The circumstances of this case, to say the least, are quite unusual. The girlfriend of Wiggins visited him at Lewisburg Penitentiary and witnesses observed kisses between the parties of such manner as to suggest that the visitor was inserting a contraband into the inmate's mouth. Because the prison authorities suspected that this was a controlled substance, they ordered Wiggins placement in the "dry cell" under close supervision in that condition, inter alia, the inmate had no access to running water or toilet facilities other than a bedpan. More than a day after being in the "dry cell," Wiggins had a bowel movement that may have contained a balloon of heroin which he, at a minimum, examined for possibly recycling in his system or destroying. When the district court heard details of this incident at sentencing, it determined that an enhancement of the offense level pursuant to U.S.S.G. § 3C1.1 for this obstructive behavior was appropriate.

Wiggins raises three separate challenges to the sentencing enhancement on appeal. First, Wiggins argues that the court's finding that Wiggins attempted to eat his own feces in an effort to obstruct justice was not supported by the preponderance of the evidence. Second, he contends that the information presented by the sole witness from the Lewisburg Penitentiary did not "ha[ve] sufficient indicia of reliability to support its probable accuracy[,]" as required by U.S.S.G. § 6A1.3(a). Third, Wiggins contends that even if the prosecution demonstrated that he sought to swallow an item from his bowel

2

movement, he "did not attempt to destroy or conceal evidence material to the investigation because feces is not evidence of the offense charged." For the reasons that follow, we reject each of Appellant's contentions.

Because the government sought to adjust upwardly Wiggins' sentence for obstruction of justice, it bore the burden of proving by a preponderance of the evidence that Wiggins obstructed or impeded the administration of justice. United States v. Belletiere, 971 F.2d 961, 965 (3d Cir. 1992). We believe that the district court did not clearly err in determining that the government met this burden. The report of Officer Bortz stated: "Inmate Wiggins was trying to eat whatever was in his hands, but I could not see what it was because of it being covered with feces." The photographs taken shortly after the incident, depicting Wiggins' hands smeared with excrement, confirm the officer's memoranda. When the contraband balloon was located on November 8, 2002, the entry in the "dry cell" log stated: "I/m provided 1 small feces which produced 1 small green balloon." From this evidence, the district court could reasonably draw logical and compelling inferences that the inmate searched through his feces in an effort to re-conceal or destroy a drug-laden balloon.

The district court may rely on reliable hearsay at sentencing. United States v. Sciarrino, 884 F.2d 95, 97 (3d Cir.), cert. denied, 493 U.S. 997 (1989). Although Lieutenant Bunch was not present when Wiggins put his hands in his feces, he was the officer that initially placed Wiggins in the "dry cell," continued to see the inmate while

3

providing drug surveillance screens on later days, and thus possessed significant familiarity with the prison situation so as to give his testimony "sufficient indicia of reliability to support its probable accuracy." U.S.S.G. § 6A1.3(a). The government provided foundation for Lt. Bunch to describe three photographs of Wiggins taken after the incident, read from the "dry cell" log and read from reports prepared by Officer Bortz and Lieutenant Knox, so as to even render Lt. Bunch's testimony admissible at trial under the Federal Rules of Evidence. The photographs, "dry cell" log and reports were complementary and corroborative, and thus Lt. Bunch's testimony satisfied the low threshold of U.S.S.G. § 6A1.3(a).

Persons who completed obstructive acts as well as those who "[a]ttempted to obstruct or impede the administration of justice during the course of an investigation" are subject to offense level enhancements. U.S.S.G. § 3C1.1. Inasmuch as the feces were the medium in which the contraband drugs were located, and the evidence demonstrated that Wiggins at the least ran his hands through and attempted to eat the feces, it is of no matter whether Wiggins took action to destroy or conceal the actual balloon of heroin. Wiggins' actions occupied three correctional officers for a period of at least a few days that normally would not be attending to that duty, and thus the district court did not err in concluding that he "materially hindered the official investigation of the offense."

We have considered all of the arguments advanced by the parties and conclude that no further discussion is necessary. The judgment of the district court will be affirmed.

4